IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 2 1 2007
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

DARRELL ELLIS, )
)
        Petitioner, )
)
v. ) Case No. CIV 04-369-RAW-KEW
)
GREG PROVENCE, Warden, )
)
        Respondent. )

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, attacks the execution of his life sentence for First Degree Murder in Grady County District Court Case Number CF-80-61. He sets forth the following grounds for relief:

    I.    The proper application of petitioner's earned credits would discharge his life sentence.

    II.    The revision in DOC's earned credit system was an ex post facto change that reduced petitioner's earned credit level.

    III.    Petitioner's state court actions on his claims in Counts I and II were not answered by the State of Oklahoma, and the state district court never entered judgment for petitioner, as required by Oklahoma statute.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

    A.    Journal Entry of Judgment denying petitioner's petition for a writ of habeas corpus. *Ellis v. Beck*, No. CV-2004-109 (Atoka County Dist. Ct.

July 6, 2004).

B.  Journal Entry denying petitioner's application for a writ of mandamus. *Ellis v. Beck*, No. CV-2004-108 (Atoka County Dist. Ct. June 7, 2004).

C.  Order Affirming Denial of Habeas Corpus Relief. *Ellis v. Beck*, No. HC-2004-732 (Okla. Crim. App. July 30, 2004).

D.  Order Denying Mandamus Relief. *Ellis v. Beck*, No. MA-2004-665 (Okla. Crim. App. July 14, 2004).

E.  DOC policy for Inmate Sentence Administration, OP-060211, effective May 1, 1998.

**Ground I**

Petitioner alleges in Ground I that since he began his incarceration in 1980, he has worked diligently to accumulate earned credits against his life sentence. He asserts the Oklahoma Legislature has defined a life sentence as a definite number of years, no less than 18 and no more than 60. The Legislature also allegedly has instructed that for persons who committed their crimes before July 1, 1998, the mid-point of 39 years is the appropriate sentence. At the time petitioner filed this habeas petition, he had served more than 24 years and earned 32 additional years in earned credits, for a total of 56 years. He maintains he has effectively discharged his sentence and should be released from custody.

Petitioner first raised this issue in a petition for a writ of habeas corpus in the Atoka County District Court. The state district court found that the statute at issue, Okla. Stat. tit. 21, § 16, was repealed on July 1, 1999, and petitioner was incorrect in his assertion that the sentencing matrix subsequently was revived. *Ellis v. Beck*, No. CV-2004-109, slip op. at 1 (Atoka County Dist. Ct. July 6, 2004). Furthermore, "[e]ven had the sentencing matrix been revived, it was for prospective application only, and the Petitioner cannot make a viable

2

claim that he could use it to force modification of a pre-existing sentence." *Id.* (citing *Castillo v. State*, 954 P.2d 145,147 (Okla. Crim. App. 1998)).

In its Order Affirming Denial of Habeas Corpus Relief, the Oklahoma Court of Criminal Appeals (OCCA) held that petitioner had wholly failed to meet his burden of establishing his confinement was unlawful. *Ellis v. Beck*, No. HC-2004-732, slip op. at 2 (Okla. Crim. App. July 30, 2004). "Moreover, the repealed statute specifically stated [the] crime of Murder in the First Degree was not subject to the application of the sentencing matrices of the Oklahoma Truth in Sentencing Act. In addition, the sentencing matrices relied upon by Petitioner concerned eligibility for parole consideration, not release from custody." *Id.*

The respondent asserts the OCCA considered and found no merit in this claim, and under the applicable federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After careful review, this court finds the determination of this issue by the OCCA was not contrary to, or an unreasonable application of, federal law, and the decision was not based on an unreasonable determination of the facts. Therefore, this ground for habeas corpus relief fails.

3

## Ground II

Petitioner next alleges his crime occurred in July 1979, and from 1980 through 1986, he was assigned a 7-day per week prison job. From 1986 until November 1988, he alternated between a 7-day and a 5-day per week job. On November 1, 1988, the new "Class Level" version of Okla. Stat. tit. 57, § 138, was implemented. Petitioner remained at Level 4 from November 1, 1988, until January 6, 2004.

On October 4, 1999, and July 17, 2000, the DOC issued new versions of OP-060107, its operational policy called "Systems of Incarceration," which governs application of Okla. Stat. tit. 57, § 138. On January 5, 2004, petitioner was demoted to Level 1 status, where he remained until April 4, 2003. He subsequently was raised to Level 2 and then to Level 3, where he was assigned at the time he filed this habeas action.

Petitioner first raised this ex post facto claim in his application for a writ of mandamus in the Atoka County District Court. The state district court stated that "prisoner classification in the Oklahoma correctional system is within the total discretion of the Director." *Ellis v. Beck*, No. CV-2004-108, slip op. at 2 (Atoka County Dist. Ct. June 7, 2004) (citing *Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1978)). "The Petitioner does not have a vested right to earned credits as he is serving a life sentence, and earned credits do not affect the length of his prison sentence, and no inmate has a right to earn credits." *Id.*, slip op. at 1 (citations omitted).

> . . . Since Petitioner was convicted in 1980, he is only "entitled to the credits allotted under the statute effective on the date [his] crime was committed" and "entitled only to credits which were allowed under the law on the date the crime giving rise to his conviction was committed," and the Court finds the Petitioner is having those credits recorded." *Ekstrand v. State*, 791 P.2d 92 (Okla. Crim. App. 1990); *State, ex rel. Maynard v. Page*, 798 P.2d

4

> 628, 629 (Okla. Crim. App. 1990). The Petitioner is referred to as an "[E]kstrand" inmate and is not disadvantaged by the revision in 1988, as he receives credits under the law in place in 1980. Okla. Stat. tit. 57 § 138 (1976); *Julien v. Meachum*, 618 F.Supp. 49 (W.D. Okla. 1985); *Morris v. Meachum*, 718 P.2d 1354 (Okla. 1986); *Dyke v. Meachum*, 785 F.2d 267 (10th Cir. 1986); *Sandin v. Conner*, 515 U.S. 472 (1995). The ex post facto claim is without merit as the DOC procedures create only a speculative and attenuated possibility of increasing the measure of punishment, and [] such a risk was not enough to establish an ex post facto violation. *Raymer v. Enright*, 113 F.3d 172 (10th Cir. 1998). There is no right to earn credits or receive privileges created by DOC internal management procedures, and inmates are necessarily subject to appropriate rules and regulations. *Cruz v. Beto*, 405 U.S. 319 (1972); *Sandin*, 515 U.S. 472. The Court finds the Petitioner fails to state a claim upon which relief may be granted and also finds the instant case is frivolous but will impose no sanctions.

*Ellis*, No. CV-2004-108, slip op. at 2-3. The OCCA affirmed the state district court's decision, finding "[p]etitioner has not established he was denied due process or subjected to ex post facto classification regarding earned credits. *Ellis v. Beck*, No. MA-2004-665, slip op. at 1 (Okla. Crim. App. July 14, 2004).

The respondent alleges the state court rejection of petitioner's ex post facto claim regarding his classification levels for earned credits was consistent with federal law. Furthermore, pursuant to DOC OP-060211 § II(E)(4)(e), petitioner was not disadvantaged, because earned credits do not apply to a life sentence. In *Dyke v. Meachum*, 785 F.2d 267 (10th Cir. 1986), the Tenth Circuit Court of Appeals held that a new prison classification system requiring a prisoner to serve more of his sentence prior to eligibility for reclassification did not violate the ex post facto clause, because there was an absence of any showing of a punitive intent. The *Dyke* court stated that "[t]o violate the Ex Post Facto Clause, the new classification system 'must be a penal or criminal law, retrospective, and disadvantageous to the offender because it may impose greater punishment.'" *Id.*, 785 F.2d

5

at 268 (citations and footnotes omitted). Here, the court finds the OCCA's determination of this issue was not contrary to, or an unreasonable application of, federal law, and this ground for habeas corpus relief is meritless.

**Ground III**

Finally, petitioner complains the respondent violated the substantive law of Oklahoma by failing to file an answer in either of his Atoka County cases concerning the issues in this habeas corpus petition. He further alleges the trial court failed to enter judgment in his favor, as directed by statute. The respondent alleges this ground for relief does not set forth a cognizable habeas claim. In the alternative, the respondent assert the point is immaterial, because this court could grant relief, if petitioner is correct in his allegations in Ground I and Ground II of this petition.

Interpretation of court rules and procedures of state rules is a matter of state law that is not cognizable in this federal habeas court. A federal habeas court is limited to deciding whether there is a violation of the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Even if the state district court's decisions were improperly decided, the OCCA found no error in the decisions, and this court has determined that the OCCA's denials of relief were not contrary to clearly established federal law. This ground for habeas corpus relief also fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court

any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 21st day of August 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE